ELIE CELENTANO ET AL. *vs.* MAX RIPPS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued October 5th—decided December 13th, 1932.

*Louis Sperandeo,* for the appellant (plaintiff).

*Benjamin D. Levine,* with whom, on the brief, was *Louis Feinmark,* for the appellee (defendant).

PER CURIAM. The plaintiff Elie Celentano brought this action to relieve certain land owned by her from the burden of an easement of way claimed by the defendant. The parties own adjoining premises and the way passes over the plaintiff's land and across the dividing line between their properties. The easement had its origin in a deed executed and delivered in 1865 containing these provisions: "Reserving a passway where it now is or by bridging over the sluice at least twelve feet in width for the purpose of going to and from the rear of the buildings standing east of said line. Also the addition in the rear of the building occupied by C. A. Bray, and the stairs that is now west of said dividing line, to remain until the proprietors owning the west side of said line shall want to occupy the same." The plaintiff alleges that, as successor to "the proprietors owning the west side of said line" she has given notice to the defendant terminating the right of way and her claim is that she has the right to do so under the concluding clause in the provisions quoted. The trial court concluded that this clause was restricted in its operation to the addition to the rear of the building and to the stairs referred to in the sentence in which it occurs and did not apply to the easement reserved in the preceding sentence. That construction of the provision, particularly in view of the facts found, is clearly correct. The further claim made by the plaintiff before us, that the provisions created a personal easement and not one that ran with the land, does not accord with the basis of relief alleged in the complaint and was not made

upon the trial. Had it been properly presented to the trial court, both the scope of the trial and the facts found would very likely have been different. Under these circumstances we cannot consider this claim.

There is no error.